## Thos. Ragan v. James Hudson's Adm'r.

**Principal and Surety—Principal's Authority to Sign Name of Surety to Note on Conditions—Obligee Without Notice of Condition.**

> The principal obligor was the agent of his surety to sign his name to the note and deliver it, but not to do so until Stevens signed it. The obligee had no notice of the promise upon the part of the principal and cannot therefore be affected by their agreement.

### APPEAL FROM KENTON CIRCUIT COURT.

April 13, 1871.

OPINION BY JUDGE PETERS:

This was an action upon a note purporting to have been executed by appellant and others to appellee's intestate, appellant pleaded *non est factum,* and on the trial in the court below appellee introduced Waller the principal obligor as a witness, who proved that he signed the name of appellant to the note under a verbal authority from him to do so, as his surety. He was then asked by appellant if at the time he gave him the authority to sign his name to the note, he did not give that authority with a condition annexed, to the answering of which appellee's attorney objected, and thereupon the court required appellant's attorney to state what he expected the witness would prove in answer to the question, and he stated that he believed the witness would prove, if permitted to answer the question, that appellant authorized him to sign his name to the note on the condition that he got Milton Stevens to sign it first. On that avowal the court sustained the objection, and refused to permit the witness to answer, to which appellant excepted, and whether the court below erred in that decision is the principal question presented by this appeal.

Admitting that the witness would have proved the facts as stated by the attorney, still if they were not competent as evidence, appellant was not prejudiced by the ruling of the court below.

The note as copied in the record before us, does not show that the name of appellant was signed to it by an agent at all, nor is it shown that appellee's intestate knew that any agency was employed in the transaction but it is shown that Waller acted

as the agent of appellant, and that he delivered the note to appellee's intestate, who was ignorant of the matter in which appellant's name was signed to it, and of any condition if one existed, upon which his name was to be put to it. If appellant had himself signed the note upon the express promise on the part of Waller, the principal that he would not deliver it until he procured the name of Stevens to it, and he had violated that promise and delivered the note without the name of 'Stevens, and appellee's intestate had been ignorant of the promise he would still have been bound notwithstanding the fraud of his principal as this court has repeatedly decided. *Smith vs. Moberly*, 10 B. M. *Millet v. Parker, etc.*, 2 Met. 608 and subsequent cases.

And in principal and analogy there can be no difference between those cases, and this. Here the principal obligor was the agent of appellant to sign his name to the' note and to deliver it, but not to do so until Stevens signed it. In this case' the agency was enlarged and the obligee without notice of the promises on the part of the agent to his constituent cannot be affected by their agreement.

As therefore the evidence was imcompetent, appellant was not prejudiced thereby.

The judgment must be *affirmed*.

*Handy, for appellant.*

*Carlisle & O'Hara, for appellee.*